Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Lambrus Ciuia, and

Diana Hernandez,

*Defendants.*

**Protective Order**

**26 Cr. 468 (KMK)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, some of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 2 of 8

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 3 of 8

by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 4 of 8

9. **Restrictions on Use of Artificial Intelligence Tools to Process Disclosure Materials.**

a. "AI tool" means any automated system that uses machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. "AI tool" does not include (i) software that operates entirely on systems controlled by the defense, such that no Disclosure Materials are transmitted to any third party; or (ii) standard office, communication, legal-research, or litigation-support software by reason of embedded assistive features such as spelling or grammar correction, text completion, search, optical character recognition, or document ranking and classification, provided that no Disclosure Material is transmitted to any third party.

b. The defense team will not submit Disclosure Materials to a consumer (i.e., non-commercial) version of an AI tool meaning a version offered to individuals under consumer terms of service rather than to organizations and professionals under commercial or enterprise terms. The defense team will not submit Disclosure Materials to an AI tool (e.g., OpenAI, Anthropic, Microsoft, Google) under terms or account settings that permit use of submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data. Such AI tools pose unique risks to the security and integrity of Disclosure Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. The defense may submit Disclosure Materials to an AI tool provided that defense counsel has taken reasonable steps to confirm that (i) the AI tool maintains the confidentiality of Disclosure Materials; (ii) the AI tool will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials except as

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 5 of 8

required by law; (iii) the AI tool will not retain or use any Disclosure Materials for model training; and (iv) the AI tool permits deletion of submitted data. At the conclusion of this case, the defense will delete Disclosure Materials from its accounts with any such AI tool or request their deletion, consistent with paragraph 13.

d. The Government will not submit any reciprocal discovery provided by the defense ("Defense Materials") to a publicly accessible version of an AI tool. The Government will not submit Defense Materials to an AI tool for which the AI tool provider or vendor uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data.

e. The Government may submit Defense Materials to an AI tool (i) that maintains the confidentiality of Defense Materials; (ii) that will not expose any Defense Materials to third parties not authorized under this Protective Order to receive such materials; (iii) that will not retain or use any Defense Sealed Materials for model training; and (iv) all Defense Materials will be removed from the AI tool(s) at the conclusion of this case.

**Other Provisions**

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

11. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 6 of 8

writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from Lambrus Ciuia and Diana Hernandez. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 7 of 8

15. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________ Date: ______________
Jake Sidransky
Assistant United States Attorney

______________________ Date: ______________
Sungso Lee, Esq.
Counsel for Lambrus Ciuia

______________________ Date: Oct. 29, 2026
Theodore S. Green, Esq.
Counsel for Diana Hernandez

SO ORDERED:

Dated: White Plains, New York
November 2, 2026

______________________
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



2026.08.18

Case 7:26-cr-00468-KMK Document 42-1 Filed 11/02/26 Page 8 of 8

15. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________ Date: November 2, 2026
Jake Sidransky
Assistant United States Attorney

______________________ Date: 10/29/2026
Sungso Lee, Esq.
Counsel for Lambrus Ciuia

______________________ Date: ______________
Theodore S. Green, Esq.
Counsel for Diana Hernandez

SO ORDERED:

Dated: White Plains, New York
November 2, 2026

______________________
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE